THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WESLEY WARD, Defendant-Appellant.

(No. 72-200; ▇▇▇▇▇▇▇▇▇▇

Third District—February 20, 1975.

Reno, O'Byrne & Kepley, of Champaign (Donald M. Reno, Jr., of counsel), for appellant.

Michael Mihm, State's Attorney, of Peoria (Thomas M. Pennell, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from the judgment of the circuit court of Peoria County finding defendant, Wesley Ward, guilty of violating section 11—20(a)(1) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 11—20(a)(1)) by selling two obscene publications. Defendant waived a jury and after bench trial was found guilty and sentenced to 1 day in jail and fined $200. The only witness for the State was the complaining police

officer who testified he purchased the two publications, "Bizarre World" and "Illustrated Case Histories, a Study of Sado-Masochism," at defendant's store. The police officer's testimony and the magazines themselves were the sole evidence presented by the State. Defendant presented no evidence, and after his motion for judgment was denied, judgment was entered against the defendant.

There are three principal issues on this appeal. The resolution on each of these is governed by the case of *People v. Ridens*, 51 Ill.2d 410, 282 N.E.2d 691, which was granted certiorari by the United States Supreme Court in 413 U.S. 912, 37 L.Ed.2d 1030, 93 S.Ct. 3046. The Supreme Court vacated the judgment and remanded the case to the Illinois Supreme Court, 59 Ill.2d 362, which affirmed the convictions of the defendant. The United States Supreme Court, in vacating and remanding the initial decision in the *Ridens* case, directed the Illinois Supreme Court to reconsider the case in light of the holdings of the United States Supreme Court in *Miller v. California*, 413 U.S. 15, 37 L.Ed.2d 419, 93 S.Ct. 2607, and other related cases decided by the Court at the same time. After reconsideration of the *Ridens* case the Illinois Supreme Court reaffirmed the defendant's conviction and concluded that the Illinois obscenity statute (Ill. Rev. Stat. 1969, ch. 38, par. 11—20) complied with the standards announced in the United States Supreme Court cases.

■■ The first issue is whether the State's evidence consisting of magazines made up almost exclusively of photographs constituted sufficient proof to establish violation of the obscenity statute and, therefore, whether the failure to present opinion testimony as to contemporary community standards was fatal to the State's case. The Illinois Supreme Court in *People v. Ridens*, 51 Ill.2d 410, 282 N.E.2d 691, held that such opinion testimony was not required. The court there held that the publications themselves constituted sufficient evidence to support defendant's conviction for violating the statute.

■■ The second issue is whether it was necessary for the State to prove either the sale to minors or the intrusion upon the privacy of unwilling adults in order to convict defendant of violating the statute by selling the magazines. The court in *People v. Ridens*, 51 Ill.2d 410, 282 N.E.2d 691, held that defendant's claim that the obscenity ordinance and code were deficient because they did not require proof that the offending publications were sold to minors or intruded upon the privacy of unwilling adults was without merit. In accord with this case, we hold here that it was not necessary for the State to prove either the sale to minors or the intrusion upon the privacy of unwilling adults.

■■ The final issue on this appeal is whether the two publications were obscene as a matter of law. Again, the case of *People v. Ridens*, 51 Ill.2d

410, 282 N.E.2d 691, is dispositive of the issue in the case at bar. The magazines in this case do not differ in any substantial sense from the magazines described in *Ridens,* and they fall within that category prohibited by the statute. See also *People v. Gould,* 60 Ill.2d 159.

For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

DIXON, J., and SCOTT, P. J., concur.