(No. 47479.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. WESLEY WARD, Appellant.

*Opinion filed May 14, 1976.—Rehearing denied June 28, 1976.*

Donald M. Reno, Jr., and J. Steven Beckett, of Reno, O'Byrne & Kepley, of Champaign, for appellant.

William J. Scott, Attorney General, of Springfield, and Michael M. Mihm, State's Attorney, of Peoria (Jayne A.

Carr and Raymond McKoski, Assistant Attorneys General, of counsel), for the People.

MR. JUSTICE CREBS delivered the opinion of the court:

The defendant was convicted of the offense of obscenity after a bench trial in the circuit court of Peoria County. The court ruled that the defendant, the operator of a book store, had violated section 11—20(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 11—20(a)(1)) by selling two obscene publications. The defendant was sentenced to spend one day in the county jail and was fined $200 and costs.

The defendant presented no evidence in his own behalf at trial but did file a motion for a directed verdict at the close of the State's case. After this motion was denied and a judgment of conviction was entered, the defendant filed a post-trial motion in which he alleged, *inter alia,* that the obscenity statute was unconstitutional and that the magazines in question were constitutionally protected. The post-trial motion was denied, and the defendant's conviction was subsequently affirmed. (*People v. Ward,* 25 Ill. App. 3d 1045.) We have granted the defendant's petition for leave to appeal to this court.

The defendant first contends that the Illinois obscenity statute is unconstitutional in that it does not specifically define the type of sexual conduct that may not be depicted. The defendant relies on the case of *Miller v. California,* 413 U.S. 15, 37 L. Ed. 2d 419, 93 S. Ct. 2607, in which the United States Supreme Court announced new criteria to be used in judging the constitutionality of obscenity statutes. The court determined that the three questions to be considered in such a case are: "(a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest [citations]; (b) whether the work depicts or describes, in a patently offensive way,

sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value." The Supreme Court stated that the conduct whose depiction is proscribed by obscenity statutes must be "specifically defined by the applicable state law, as written or authoritatively construed." 413 U.S. 15, 24, 37 L. Ed. 2d 419, 430-31, 93 S. Ct. 2607, 2615.

The Illinois obscenity statute states in pertinent part:

"(a) Elements of the Offense.

A person commits obscenity when, with knowledge of the nature or content thereof, or recklessly failing to exercise reasonable inspection which would have disclosed the nature or content thereof, he:

(1) Sells, delivers or provides, or offers or agrees to sell, deliver or provide any obscene writing, picture, record or other representation or embodiment of the obscene;

\* \* \*

(b) Obscene Defined.

A thing is obscene if, considered as a whole, its predominant appeal is to prurient interest, that is, a shameful or morbid interest in nudity, sex or excretion, and if it goes substantially beyond customary limits of candor in description or representation of such matters. A thing is obscene even though the obscenity is latent, as in the case of undeveloped photographs." (Ill. Rev. Stat. 1971, ch. 38, par. 11–20.)

The defendant now argues that the statute does not sufficiently define the type of conduct whose depiction is proscribed.

In *People v. Ridens,* 51 Ill.2d 410, we affirmed the convictions of defendants who had been found guilty of violating, *inter alia,* the Illinois obscenity statute by selling obscene publications. The United States Supreme Court subsequently remanded that case and directed us to reconsider our decision in light of the principles announced in *Miller* and related decisions. (*Ridens v. Illinois,* 413 U.S. 912, 37 L. Ed. 2d 1030, 93 S. Ct. 3046.) This

court again affirmed the convictions and found that the Illinois obscenity statute was constitutional. (*People v. Ridens,* 59 Ill.2d 362, *cert. denied,* 421 U.S. 993, 44 L. Ed. 2d 483, 95 S. Ct. 2000 (hereinafter referred to as Ridens II).) It was held in Ridens II that the obscenity statute was sufficiently clear and that it adequately informed the public of the conduct whose depiction is proscribed. We noted that the statutory definition of obscenity includes within the scope of the "prurient interest" a "shameful or morbid interest in nudity, sex or excretion." The defendant argues that we erred in Ridens II in our interpretation of *Miller* and that *Miller* requires obscenity statutes to be much more specific in defining the type of material which will be considered obscene. We see no reason to reconsider our decision in Ridens II. It is extremely difficult to define the term "obscenity" with a fine degree of precision. We again express our opinion that Illinois' statutory definition is sufficiently clear to withstand constitutional objections.

The defendant also contends that the obscenity statute is unconstitutional as applied to him because the State elicited no evidence suggesting that the publications in question were forced upon unwilling audiences or made available to juveniles. The defendant argues that the statute cannot be constitutionally applied to cases in which the sexually explicit materials are sold or distributed only to consenting adults. This argument is based on the allegation that contemporary community standards are not offended unless the obscene materials are forced upon unwilling audiences or made available to minors.

The defendant's argument is without merit. Contemporary community standards are relevant in determining whether a publication is obscene but bear no relevance to the questions of how or to whom obscene materials may be distributed. If a publication is determined to be obscene, it is not entitled to constitutional protection. (*Miller v. California,* 413 U.S. 15, 23, 37 L. Ed. 2d 419,

430, 93 S. Ct. 2607, 2614.) The Illinois General Assembly chose to make the commercial distribution of obscene materials a crime. This was within the police power of the State. The sale of obscene publications is a violation of the criminal law, therefore, even if the publications are not forced upon unwilling audiences or made available to minors.

The final contention made by the defendant is that the two publications are not obscene and thus are entitled to protection under the first amendment to the United States Constitution and article I, section 4, of the Illinois Constitution. In obscenity cases, a reviewing court must make an independent constitutional judgment on the facts of the case as to whether the material involved is constitutionally protected. (*People v. Ridens,* 59 Ill.2d 362.) After reviewing the publications at issue in this case, we have no hesitation in affirming the holding of the lower courts that the materials are in fact obscene. We find that the average person applying contemporary community standards would consider that, taken as a whole, the sole appeal of the two publications is to the prurient interest and that the dominant theme of the magazines is a morbid interest in nudity and sex. Moreover, we regard the publications as depicting, in a patently offensive way, sexual conduct defined by the obscenity statute, as authoritatively construed in Ridens II. In addition, the magazines go substantially beyond customary limits of candor in such depiction. We also find that the magazines have no literary or artistic merit and that they are utterly without redeeming social value. For the foregoing reasons we hold that the two publications are obscene, and the judgment of the appellate court is affirmed.

*Judgment affirmed.*