THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES DOTO *et al.*, Defendants-Appellants.

First District (3rd Division)   Nos. 62165, 62166 cons.

Opinion filed September 21, 1977.

Paul C. Ross, of Chicago (John F. Martoccio, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Larry L. Thompson, and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The defendants, James Doto and Eugene Doladkowski, were charged in separate complaints with obscenity in violation of section 11—20 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 11—20). Both were found guilty in separate proceedings before the trial court sitting without a jury, and each was fined $100. Their cases were consolidated for purposes of this appeal. The defendants argue that the evidence failed to establish the defendants' knowledge of the contents of the publications and therefore, they were not proved guilty of obscenity beyond a reasonable doubt; that the publications at issue are not obscene and are therefore, constitutionally protected; and that the Illinois obscenity statute under which they were charged (Ill. Rev. Stat. 1973, ch. 38, par. 11—20) is unconstitutional.

Defendant Doladkowski was charged with selling an obscene book "with knowledge of the nature and content thereof" to Officer Stratford Peterson of the Chicago Police Department. Officer Peterson testified that on November 5, 1973, he entered the VanBuren Bookstore at 72 West VanBuren Street in Chicago. He selected a copy of a magazine entitled "Foreplay" and brought it to the check-out counter where he paid the clerk, defendant Doladkowski, $5.

Defendant Eugene Doladkowski testified that he was employed as a clerk at the VanBuren Bookstore and that it was his duty to collect money from the people who bought magazines. He stated that he had nothing to do with the purchase of the publications in the bookstore, and that in the three years he was employed in the bookstore, he did not have occasion to read any of the contents or observe any of the pictures in the materials.

Defendant James Doto was charged with selling an obscene magazine "by recklessly failing to exercise reasonable inspection which would have revealed the nature of the magazine". At trial, Officer Nicholas Ahren testified that on October 22, 1974, he entered Mondo Bookstore at 408½ South Clark Street in Chicago. He selected a copy of the magazine "Sex Scope" which he took to the clerk, defendant James Doto. After paying the purchase price of $5 and identifying himself as a police officer, Officer Ahren showed the face and contents of the magazine to the defendant. Opening the magazine to pages 32 and 33, Officer Ahren asked the defendant if he would sell this magazine to a minor. The defendant replied that he would not, nor would he allow minors in the store.

Defendant James Doto testified that he was a cashier at the Mondo

Bookstore but denied having any part in the selection of the publications or ever having looked at or read any of the books in the store, being familiar only with the prices.

In both cases, the trial court found that the magazines sold were obscene as a matter of law. Each defendant was found guilty and fined $100.

The defendants argue that they were not proved guilty of obscenity beyond a reasonable doubt because the evidence failed to establish that each defendant sold an obscene magazine under circumstances which imparted knowledge of the nature or contents of the magazine. Both defendants were charged under the obscenity statute which provides in part:

> "A person commits obscenity when with knowledge of the nature or content thereof, or recklessly failing to exercise reasonable inspection which would have disclosed the nature or content thereof, he:
>
> > (1) Sells, delivers or provides, or offers or agrees to sell, deliver or provide any obscene writing, picture, record or other representation or embodiment of the obscene." Ill. Rev. Stat. 1973, ch. 38, par. 11—20.

■■■ The magazine "Sex Scope" sold by the defendant, James Doto, although the subject of an impounding order in the trial court, has not been filed in the appellate court. Neither the cover nor the contents of the magazine was described in the proceedings in the trial court. Since the magazine in question is not now before this court, it is impossible for this court to judge whether "Sex Scope" is obscene. However, the magazine was in evidence at the trial, was inspected by the trial court, and was found to be obscene. When the record on appeal is incomplete, a reviewing court will indulge in every reasonable presumption favorable to the judgment, order or ruling appealed from, including that the trial court ruled or acted correctly. Any doubt arising from the incompleteness of the record will be resolved against the appellant. (*People v. Johnson* (1976), 42 Ill. App. 3d 425, 437, 355 N.E.2d 699; *People v. Fochs* (1976), 40 Ill. App. 3d 966, 967, 353 N.E.2d 326; *People v. Benford* (1975), 31 Ill. App. 3d 892, 897, 335 N.E.2d 106; 2 Ill. L. & Prac. *Appeal and Error* §713 (1953).) Since "[t]he responsibility for the proper preservation of the record of the proceedings before the trial court rests upon the defendant" (*People v. Smith* (1969), 42 Ill. 2d 479, 483, 248 N.E.2d 68), and the defendant has failed to file the magazine itself or to take such steps as would be necessary to restore such lost or destroyed part of the record as set forth in Supreme Court Rules 323(c) and 612(c) (Ill. Rev. Stat. 1975, ch. 110A, pars. 323(c), 612(c)) (*see also* Ill. Rev. Stat. 1975, ch. 116, par. 2;

*In re Estate of Bird* (1951), 410 Ill. 390, 102 N.E.2d 329), we are precluded from independently considering the issue of the magazine's obscenity on review. *People v. Clark* (1956), 9 Ill. 2d 46, 51, 137 N.E.2d 54.

■■ Assuming, therefore, that the magazine at issue is obscene and not constitutionally protected, we are confronted with the question of the sufficiency of the evidence. The defendant, James Doto, contends that he was not proved guilty of obscenity beyond a reasonable doubt because the evidence failed to establish that he sold obscene material, "recklessly failing to exercise reasonable inspection which would have disclosed the nature or content thereof" (Ill. Rev. Stat. 1973, ch. 38, par. 11—20). However, the United States Supreme Court in *Smith v. California* (1959), 361 U.S. 147, 154, 4 L. Ed. 2d 205, 212, 80 S. Ct. 215, in discussing the element of *scienter* in proving an obscenity case stated that "[e]ye witness testimony of a bookseller's perusal of a book hardly need be a necessary element in proving his awareness of its contents. The circumstances may warrant the inference that he was aware of what a book contained, despite his denial." Illinois courts have adopted this principle, holding that "[d]irect evidence that the defendant saw or read the books is not required." (*People v. Sikora* (1965), 32 Ill. 2d 260, 266, 204 N.E.2d 768.) The court in *People v. DeVilbiss* (1968), 41 Ill. 2d 135, 242 N.E.2d 761, inferred scienter on the basis of books' covers and the fact that the defendant would not sell the books to minors. The conviction of a bookseller for obscenity under a municipal ordinance has been upheld where scienter was inferred from pictures on the front and back covers and the words "Adults Only" on the cover, where the defendant personally sold the magazine. *City of Chicago v. Doe* (1964), 47 Ill. App. 2d 460, 197 N.E.2d 711.

In factual situations similar to that in the instant case, the court in *People v. Glass* (1976), 41 Ill. App. 3d 43, 353 N.E.2d 214, upheld the convictions of all five defendants. In the case case of defendant Glass, the only evidence was that the defendant had sold the magazine in question. The court found scienter by deducing that in order to make the sale he would have had to look at the cover to determine the sale price. On the cover were the words "ADULTS ONLY," "SALE TO MINORS FORBIDDEN" and the statement "This Guide Contains PHOTO ILLUSTRATED Educational Material Dealing With Sex," along with a large photograph of an apparently naked man and woman. The court found that "looking at this cover would put a reasonable person on notice as to the obscene nature or content of the magazine." (*People v. Glass* (1976), 41 Ill. App. 3d 43, 47, 353 N.E.2d 214.) Knowledge on the part of the other defendants who had sold magazines was also inferred from the sale together with the contents of the covers and the unusually high prices,

with the court noting that the defendants were shown specific pages by the police officers, and that they told the officers that they would not sell the magazine to minors. *Glass*, at 50.

■■ In the case at bar, the defendant, James Doto, was shown the face and contents of the magazine "Sex Scope" by the arresting officer. He stated that he would not sell the magazine to minors nor allow them in the store. In making the sale, the defendant must have been aware of the nature of the cover as well as the magazine's high price. We are of the opinion that there was sufficient evidence to establish beyond a reasonable doubt that defendant Doto had knowledge of the nature or content of the magazine which he sold, or recklessly failed to exercise reasonable inspection which would have revealed its obscene nature and content. Because of the recent decision of the United States Supreme Court upholding the constitutionality of the Illinois obscenity statute under which the defendant was charged (Ill. Rev. Stat. 1973, ch. 38, par. 11—20), we find it unnecessary to address that issue here. *See People v. Ward* (1976), 63 Ill. 2d 437, 349 N.E.2d 47, *aff'd* (1977), 430 U.S. 983, 52 L. Ed. 2d 378, 97 S. Ct. 1680.

■■ The magazine "Foreplay" sold by defendant Doladkowski has not been available for our review, though it was submitted as part of the record on appeal to this court. As stated previously, since the responsibility for preserving the record rests upon the defendant, the court ordinarily bases its decision on every reasonable presumption favorable to the judgment below when the record is incomplete. However, this is based on the appellant's failure to meet his responsibility. In this instance, the defendant did properly preserve the record on appeal. It is through no fault of the defendant Doladkowski that we are unable to make an independent evaluation of the material alleged to be obscene. For that reason, we reverse his conviction for the sale of that magazine. See *People v. Speer* (1977), 52 Ill. App. 3d 203, 367 N.E.2d 372.

For the foregoing reasons, the conviction of defendant Doto is affirmed; the conviction of defendant Doladkowski is reversed.

Affirmed in part. Reversed in part.

SIMON, P. J., and McNAMARA, J., concur.