THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT RODE *et al.*, Defendants-Appellants.

First District (1st Division)    No. 77-273

Opinion filed February 14, 1978.

646

Paul C. Ross, of Chicago (John F. Martoccio, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Mary Ellen Dienes and J. Jonathan Regunberg, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

This record brings before us for review 15 convictions for sale of magazines in violation of the obscenity statute. (Ill. Rev. Stat. 1975, ch. 38, par. 11—20.) Since 3 of the defendants are involved in 2 separate cases, there are a total of 12 individuals who have appealed. All of the cases were consolidated in the trial court.

The brief filed in behalf of all defendants raises two issues. First, the trial court erred in finding the defendant Mears guilty of obscenity because the evidence is insufficient to establish that this defendant sold the publication with knowledge of the nature and contents thereof or recklessly failed to exercise reasonable inspection thereof. The second point urged by defendants is that books and magazines "which are the subject matter of these proceedings" are not obscene in the constitutional sense and are protected expressions under the first and fourteenth amendments to the United States Constitution.

We will first consider the issue of obscenity. As shown, this has been raised in defendants' brief in a general manner as to each and all of the defendants. It is first necessary to refer to the absence of all of the publications, except one, from this record. Each of the reports of proceedings shows that the prosecution offered in evidence and the trial court received in evidence all of the allegedly obscene publications. The complete record was filed in this court on February 24, 1977, but none of the exhibits were provided in the usual manner by any of the appellants. On November 7, 1977, we allowed a motion by the State to supplement the record by filing the exhibit received in evidence in one of the cases; the proceedings involving defendant Alfred Mears (*nisi prius* No. 75—MC1 E701258).

■■ This situation raises the same point which was considered by this

court in *People v. Speer* (1977), 52 Ill. App. 3d 203, 211, 367 N.E.2d 372. This court pointed out, with the citation of ample authority, that in the ordinary case where the record on appeal is incomplete, it is the duty of a reviewing court to base its decision on every reasonable presumption favorable to the judgment appealed from and all doubts arising from the lack of a complete record should be resolved in favor of that judgment. As a matter of general practice this court has affirmed judgments where the failure of an appellant to discharge his responsibility under the rules of the Supreme Court of Illinois has made proper review impossible. However, as stated in *Speer,* in obscenity cases, "we are required to make an independent judgment of whether this material is constitutionally protected." (*People v. Speer* (1977), 52 Ill. App. 3d 203, 209.) In *Speer,* which also involved multiple defendants, one of the publications was not available "for our review, though it was submitted as part of the record on appeal to this court." (52 Ill. App. 3d 203, 211.) The court accordingly reversed the conviction of the single defendant as to which the publication was not available for examination by the court.

■■  In our opinion, the record before us presents a different situation. The various reports of proceedings show that the allegedly obscene publications were offered and received in evidence in each of the cases. None of these exhibits was filed in this court with the sole exception of the one filed by the State to supplement the record with leave of this court. Thus, we are obliged to classify this case as one in which the defendants have failed to provide us with necessary parts of the record. We are therefore obliged to affirm the decision reached by the trial court and the resulting convictions in all of the cases in which defendants have failed to make the publication in issue available for our inspection. We are able to make an independent evaluation and judgment only in the case involving the defendant Alfred Mears.

The obscenity guidelines now in effect in Illinois are found in *People v. Ward* (1976), 63 Ill. 2d 437, 349 N.E.2d 47, *aff'd,* 431 U.S. 767, 52 L. Ed. 2d 738, 97 S. Ct. 2085. All of the necessary material is set out with careful accuracy in the opinion of this court in *Speer,* 52 Ill. App. 3d 203, 209-11. A repetition of these guidelines in this opinion is unnecessary.

The publication before us is entitled "Sex Styles Today, Vol. I, No. 1." It also has a notation on the front "Photo-Illustrations and Case Histories." The cover and some of the photographs are reproduced in color. We need not describe the various photographs beyond stating that, in our opinion, any reasonable person would immediately classify the entire publication as obscene in accordance with the guidelines set out in *Speer.*

■■  Turning next to the issue of scienter, we find that the brief for all defendants raises this issue only as to the defendant Alfred Mears. In our

opinion, the lack of argument in defendants' brief regarding the evidence as concerns knowledge of the remaining defendants is a waiver of this point as to all of the defendants except Alfred Mears. (Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(7); *People ex rel. Rappaport v. Drazek* (1975), 30 Ill. App. 3d 310, 317, 332 N.E.2d 532, and cases there cited. Compare *Collins v. Westlake Community Hospital* (1974), 57 Ill. 2d 388, 391-93, 312 N.E.2d 614.) Accordingly we reject this contention as to each and all of the defendants other than Alfred Mears.

As regards the Mears conviction, the publication in question has already been described. However, defendants urge a lack of scienter in that when defendant Mears sold the publication he had no knowledge of its type or contents. The evidence was produced in part by a stipulation of the parties which brought out that a police officer paid 50¢ as an admission fee to enter the store in which Mears was employed. The officer picked up a copy of the publication and brought it to Mears at the checkout counter. The officer placed the publication face up on the counter in front of Mears. Mears looked at the magazine and requested an additional $9.50. The price of the publication was $10 and Mears gave the officer a credit in the amount of the admission fee. The officer paid $9.50 and then completed the arrest. The officer asked Mears if he would sell that type of publication to a minor and Mears responded that he would not. The record also shows that Mears had been employed by the book store for two months prior to this Sale. His duties were that of clerk and cashier and he did nothing concerning selection of the merchandise.

■■ It is correct, as defendant Mears urges, that knowledge of the seller is an essential element of a conviction for obscenity. However, it is equally correct that scienter, like any other legally material fact, may be proved by circumstantial evidence. (See *People v. Williams* (1977), 66 Ill. 2d 478, 484-85, 363 N.E.2d 801.) The authorities on this point, with particular reference to the situation before us, are collected and the arguments brought out in detail in *Speer*. (52 Ill. App. 3d 203, 212-13.) In our opinion, the circumstances in the case before us leave no doubt as to full knowledge by defendant Mears concerning his activities. As above pointed out, one glance at the cover of the publication is sufficient to establish its complete obscenity. It is difficult to conceive that a clerk-cashier who has worked in a book store for two months would not be fully apprised of the type and character of this publication simply by looking at it. The statement of defendant Mears that he would not sell the publication to a minor is another circumstance showing scienter. The inordinately high price charged for his publication and the fact that a book store and magazine purveyor charges an admission fee of 50¢ are additional circumstances which prove scienter beyond reasonable doubt.

649

Accordingly, the judgment appealed from in the case regarding Alfred Mears is affirmed. All remaining judgments and convictions involved in this appeal are also affirmed.

Judgments affirmed.

McGLOON and O'CONNOR, JJ., concur.