THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN SPELLMAN, Defendant-Appellant. .

First District (3rd Division)   No. 76-793

Opinion filed March 29, 1978.

Paul C. Ross, of Chicago (John F. Martoccio, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SIMON delivered the opinion of the court:

In separate bench trials, the defendant, John Spellman, was found guilty of and fined for selling two obscene magazines at the Harrison

Book Store, 604 South Wabash Avenue, in Chicago, in violation of section 11—20 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 11—20). The two cases have been consolidated for review.

The first complaint charged that the defendant, in July 1977, sold the magazine, "Tongue of Lust," to Chicago Police Department Investigator George Carey for $10, either after "recklessly failing to exercise reasonable inspection which would have revealed its nature and content," or "with knowledge of the nature and content thereof." At trial, the State and the defendant stipulated that the defendant was 45 years old and that Investigator Carey, if called as a witness, would testify that when he purchased "Tongue of Lust," he placed the magazine on the bookstore counter, saw the defendant look at the cover of the magazine, and heard the defendant tell him, "That will be ten dollars." The magazine was admitted into evidence at trial over the defendant's objection, but is not a part of the record on appeal.

The defendant testified that he managed the store where the magazine was purchased and that he had nothing to do with the magazine. He admitted, however, that at the time of this sale he was involved in selecting the books sold there, and that he had looked through "Tongue of Lust" before he sold it.

In the second complaint, the defendant was charged with violating the same obscenity statute by selling the magazine "Sex Styles Today," vol. 1, no. 1, to Carey for $7.50 at the same bookstore in December 1975. The magazine, which is part of the appellate record, was introduced as evidence at trial. The magazine's cover, which has a color photograph, also has a label with a $7.50 price beneath the $10 printed price, and a notation, "Adults Only" on its lower left corner. Carey testified that when he placed the magazine on the counter facing the defendant, he gave the defendant a $10 bill, and the defendant returned $2.50 change to Carey. Carey said the defendant, after being asked, told him he did not allow minors in the store and would not sell that magazine to a minor. Carey added that the store in question was known as an "adult book store" and that a sign there prohibited minors from entering.

The defendant testified that he was the bookstore's manager, but claimed he had nothing to do with choosing books and spent his time sitting behind the cash register, accepting money for books. He stated that although he knew the magazine was on the rack and had seen it, he never opened it and did not know its contents. The defendant admitted that he did not handle any commercial magazines, but sold only publications which came under various headings of adult magazines.

On appeal, the defendant contends that the trial court erred in finding him guilty in the case involving "Sex Styles Today" because the evidence did not establish that he sold that magazine with knowledge of its nature

and contents. The defendant also argues that neither magazine was obscene under the first and fourteenth amendments to the United States Constitution, and that the Illinois obscenity statute is unconstitutional. We find no substance in any of these arguments and affirm the trial court's finding.

■■ In this case, there was more than adequate evidence to establish the defendant's guilt in selling the magazine in question with knowledge of its contents. The defendant managed the store, knew "Sex Styles Today" was on the store's magazine rack, and had seen the magazine prior to its purchase by Investigator Carey. He must have looked at the magazine's cover again to check its price when Carey placed it on the counter and the defendant returned his proper change. The magazine's cover depicts a man and woman in a position which would cause any reasonable person to question the contents of the magazine, and also bears the notation, "Adults Only." The magazine was far more expensive than any commercial magazine, and the defendant admitted that he would not sell "Sex Styles Today" to a minor or allow a minor into the bookstore. Carey had testified that a sign advertised that admittance to the store was limited to adults. Thus, it would strain our credulity to the breaking point to conclude other than that there was sufficient evidence to establish beyond a reasonable doubt that the defendant knew of the nature or content of the magazine he sold, or that he recklessly failed to reasonably inspect the magazine. See *People v. Rode* (1978), 57 Ill. App. 3d 645, 373 N.E.2d 605; *People v. Doto* (1977), 53 Ill. App. 3d 62, 368 N.E.2d 577; *People v. Speer* (1977), 52 Ill. App. 3d 203, 367 N.E.2d 372; *People v. Glass* (1976), 41 Ill. App. 3d 43, 353 N.E.2d 214, which are precedents announcing the manner in which scienter may be established in Illinois in connection with the purchase of obscene publications.

■■ The defendant's second argument, that neither magazine was obscene under the Federal Constitution, also is unpersuasive. Under the obscenity guidelines currently in effect in this State, which have been set down in *People v. Ward* (1976), 63 Ill. 2d 437, 349 N.E.2d 47, *aff'd* (1977), 431 U.S. 767, 50 L. Ed. 2d 747, 97 S. Ct. 2085, and clearly summarized in *Speer*, at pages 209-11, we agree with the trial court that the magazine "Sex Styles Today," is an obscene publication. Indeed, this conclusion only confirms that recently reached by this court in another case involving the same issue of the same magazine. *Rode.*

■■■ And although the other magazine, "Tongue of Lust," was not filed in the appellate court, we also conclude that the trial judge was correct in his assessment that it was obscene. The responsibility for properly preserving the record of trial court proceedings lies with the defendant, and the defendant here failed either to file the magazine itself, or to take the necessary steps to replace or restore it as part of the record

before this court. When the appellant is responsible for the incompleteness of the record in an appellate court, the reviewing court will indulge in every reasonable presumption favorable to the conclusion reached by the trial court. Any doubt arising from the incompleteness of the record will be resolved against the appellant. Accordingly, even though we are unable to make the independent evaluation required by *People v. Ridens* (1974), 59 Ill. 2d 362, 374, 321 N.E.2d 264, we are compelled to uphold the trial court's ruling that "Tongue of Lust" was an obscene magazine, particularly in view of the type of establishment in which the magazine was purchased, the magazine's title and price, and the trial record. *Rode; Doto*, at 64.

Finally, because of the recent United States Supreme Court decision upholding the constitutionality of the Illinois obscenity statute in *Ward*, we must reject the defendant's final contention. *Doto*, at 66.

Judgment affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.