MARK ALAN SCHROER *v.* STATE OF INDIANA.

[No. 1-1173A207. Filed March 14, 1974.]

Malcolm G. Montgomery, of Evansville, for appellant.

Theodore L. Sendak, Attorney General, John H. Meyers, Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Schroer was tried by court and found guilty of attempting to obtain a dangerous drug by misrepresentation or subterfuge. The sole issue presented for review in this appeal is whether the evidence is sufficient to sustain the conviction.

Initially, we note that this court may neither weigh evidence nor resolve questions of credibility of witnesses. Rather we may review only that evidence most favorable to the State together with all the reasonable inferences to be drawn therefrom to determine whether a conviction is supported by substantial evidence of probative value upon each of the material elements of the offense charged. Asher v. State (1969), 253 Ind. 25, 244 N.E.2d 89.

The evidence reveals that on October 19, 1972, an unidentified customer handed a written prescription to a clerk in Hart's Drug Store in Evansville, and received a call check bearing the number 34536. The pharmacist became suspicious that the prescription had been forged and confirmed this fact by telephoning the office of the doctor whose name appeared thereon. The pharmacist then telephoned the Evansville Police Department and a detective was dispatched to the store. Upon the detective's instruction, the clerk read call check number 34536 over the store's public address system. Though he was not the same person who had submitted the prescription, appellant stepped to the counter and handed call

check number 34536 to the clerk. Appellant was thereupon immediately arrested.

At the time of the offense, IC 1971, 16-6-8-3(f)(1); Ind. Ann. Stat. § 35-3333(f)(1) (Burns 1973 Cum. Supp.) read in relevant part as follows:

"(f) It is unlawful to: (1) obtain or attempt to obtain a dangerous drug . . . (a) by fraud, deceit, misrepresentation or subterfuge. . . ."

Appellant argues simply that his action of presenting the call slip is not sufficient to support an inference of criminal intent. We cannot agree.

It is firmly established that knowledge or intent may be inferred from the facts or circumstances presented in each case. *Capps* v. *State* (1972), 258 Ind. 565, 282 N.E. 2d 833. Given the facts in the case at bar, it could be reasonably inferred that appellant was acting in concert with the person who presented the prescription and that he possessed knowledge of its contents and the fact that it was forged.

Appellant's act of presenting the call check is sufficient to show an intended attempt to obtain prescription drugs. Compare, *McHaney* v. *State* (1972), 153 Ind. App. 590, 288 N.E. 2d 284; *Reid* v. *State* (1973), 156 Ind. App. 692, 298 N.E.2d 480 which involved the uttering of a forged instrument. Moreover, the tendering of the call slip relates to the earlier misrepresentation of presenting the forged prescription. By tendering the call slip appellant represented that he was entitled to the prescribed drug.

Appellant does not question whether "desbutal" is in fact a dangerous drug under the terms of Indiana law.

We must therefore conclude that the evidence is sufficient to sustain appellant's conviction.

Judgment affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 307 N.E.2d 887.