**Nelson LEE, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 884S317.

Supreme Court of Indiana.

Oct. 23, 1986.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Nelson Lee, was convicted by a Marion Superior Court jury of attempted murder, a class A felony, and carrying a handgun without a license, a class A misdemeanor. The trial court sentenced him to thirty (30) years and one (1) year respectively. In this direct appeal, Appellant raises the sufficiency of the evidence supporting his attempted murder conviction as the only issue for our review.

On December 26, 1983, Appellant and the victim made plans to go to the movies with another couple. Appellant did not arrive on time so the others went without him. After they had left, Appellant arrived at the victim's house, found no one there, and went next door to the victim's mother's home. Appellant waited there until the victim returned. When she returned, Appellant asked her why she left without him. She answered, "If you stayed sober sometimes, you could go to the movies too sometime...." At that moment, Appellant drew a .38 caliber revolver and shot the victim. The bullet hit the victim in the arm, went through her back, cut her spinal cord, broke six ribs, and punctured her lung. As the victim lay on the ground, Appellant stood over her and fired three (3) more shots into the ground around her.

Appellant claims there was not sufficient evidence to support the jury's finding that he intended to commit murder when he shot the victim. He would have us believe that because he shot the victim in the arm, and then fired more shots into the ground around her, he did not intend to murder her. We disagree.

When this Court is confronted with a challenge to the sufficiency of the evidence, we neither weigh the evidence nor judge the credibility of the witnesses. We examine only the direct and circumstantial evidence most favorable to the State, and if there is substantial evidence of probative value to support the jury's conclusion, we

will affirm the conviction. *McMurry v. State* (1984), Ind., 467 N.E.2d 1202, 1204; *Davenport v. State* (1984), Ind., 464 N.E.2d 1302, 1307, *reh. denied*, U.S., *cert. denied* 469 U.S. 1043, 105 S.Ct. 529, 83 L.Ed.2d 416. Further, intent to kill may be inferred from the intentional use of a deadly weapon in a manner likely to cause death or great bodily harm. *Davenport, supra; Vasseur v. State* (1982), Ind., 430 N.E.2d 1157, 1160, *reh. denied.*

It is clear from our review of the record that there was sufficient evidence to find Appellant intended to commit murder. The record indicates Appellant was upset with the victim and was going to end his relationship with her. He went to the victim's home with a loaded gun. He waited for her to return, and after a brief conversation, he pulled his gun and shot her. He continued to shoot at the ground where the victim lay wounded. We find this to be sufficient evidence to support Appellant's conviction.

Finding sufficient evidence, we affirm the trial court.

GIVAN, C.J., and DEBRULER, SHEPARD and DICKSON, JJ., concur.