**John GORDON, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 1084S421.**

Supreme Court of Indiana.

Nov. 3, 1986.

1. sufficiency of the evidence; and

2. refusal of Appellant's Tendered Instruction No. 1.

Paul Brown and Angelo Copeland were walking down a street in Gary, Indiana, at approximately 11:30 p.m., on May 21, 1983. Copeland was carrying Brown's radio. Appellant and his co-defendant approached Brown and Copeland, and asked them for a cigarette. Brown and Copeland answered they had none, and Appellant and his co-defendant began following them. This scene repeated itself, after which Appellant and his co-defendant walked ahead of Brown and Copeland. Appellant and his co-defendant stopped, and when Brown and Copeland reached them, Appellant dropped his coat, pointed a gun at Brown and Copeland, and demanded the radio. The four men were approximately two to three feet (2–3') apart. Appellant shot Brown and began demanding money as Brown and Copeland attempted to flee. Brown told Copeland to drop the radio and run. Brown and Copeland escaped, and Brown was treated for two (2) bullet holes in his arm.

I

Appellant maintains there was insufficient evidence to support his conviction because the evidence showed the radio was taken from Copeland, whereas the information alleged that the radio was taken from Brown.

Ind.Code § 35–42–5–1 defines robbery as the knowing or intentional taking of property from another person *or from the presence of another person* by the use or threat of force or fear. The evidence here clearly showed Brown's radio was taken from a person holding it, who stood two to three feet away from Brown. This amply supports the conviction. Furthermore, the information did not require the radio to be taken from Brown, as it used the language, "from another person *or from the presence of said other person,* to-wit: Paul Michael Brown [emphasis added]."

Daniel L. Bella, Appellate Public Defender's Office, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant John Gordon was convicted of robbery, a class A felony, at the conclusion of a jury trial in the Lake Superior Court. He was sentenced to twenty (20) years. The following issues are presented on direct appeal:

## II

Appellant contends the trial court erred in refusing his Tendered Instruction No. 1, which sought to advise the jury on battery, a class C felony, as a lesser included offense.

The test for determining whether it was error to refuse such an instruction is two-fold: 1) did the language of the statute and the charging document necessarily include the lesser offense in the greater; and 2) was evidence introduced at trial to which the included offense instruction was applicable. Furthermore, the evidence must be subject to the interpretation not only that the lesser offense was committed, but also that the greater offense was not. *Salahuddin v. State* (1986), Ind., 492 N.E.2d 292, 294. Here, as in *Salahuddin*, battery was a lesser offense included in the crime charged. However, the evidence was clear that the greater offense, robbery, was committed. Appellant's argument, that whether the radio was taken from the person or presence of Brown is in serious dispute, was addressed above and found to be without merit.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER and SHEPARD, JJ., concur.

DICKSON, J., concurs in result without separate opinion.