**James Tyrone SMITH, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 1285S523.

Supreme Court of Indiana.

May 28, 1987.

bery, a class A felony. He was sentenced to 30 years imprisonment and 35 years imprisonment respectively, the sentences to run concurrently. Smith directly appeals his convictions, raising two issues for our review: (1) refusing to give a tendered final instruction and verdict form regarding involuntary manslaughter, and (2) finding aggravating factors outweigh mitigating factors in sentencing for the robbery conviction.

The facts show that on the evening of March 19, 1985, Smith and three other men killed Robert Cook while robbing Cook and Christopher Holding. As the victims, Holding and Cook, were walking down a street, Holding saw a rock go by their heads. They continued walking until they heard footsteps behind them. Holding turned, saw a man with his arms up in the air facing him, and thought the man wanted to fight. After the man pulled a knife, Holding assumed a fighting posture and walked toward the man. As Holding did so, Smith threw a rock and hit Holding in the side of his mouth, knocking him over on the curb. Smith and the other man then jumped on Holding. One man took Holding's wallet. The two men fled. Holding then saw Cook on the ground in a pool of blood. He saw two men jump off of Cook and run away. As a result of the attack, Holding had teeth knocked out, a broken nose and a cut lip. Cook died three days later although he was proclaimed brain dead as soon as he arrived at the hospital.

I.

■ Smith challenges the trial court's refusal of his tendered instruction and jury form stating involuntary manslaughter is a lesser included offense of felony murder. To determine whether it was error to refuse the instruction we inquire first whether the language of the statute and the charging document necessarily included the lesser offense in the greater, and second, whether evidence was introduced at trial to which the included offense instruction was applicable. *Gordon v. State* (1986), Ind., 499 N.E.2d 228, 230; *Rogers v. State* (1979), 272 Ind. 65, 74, 396 N.E.2d 348, 354.

J.A. Cummins, Public Defender for Delaware County, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Public Defender, Indianapolis, for appellee.

PIVARNIK, Justice.

James Tyrone Smith was found guilty by jury of Felony Murder—Robbery, and Rob-

Furthermore, the evidence must be subject to the interpretation not only that the lesser offense was committed, but also that the greater offense was not. *Gordon*, 499 N.E.2d at 230. Smith alleges in this case, involuntary manslaughter is a lesser included offense of felony murder. Involuntary manslaughter is not a lesser included offense of felony murder, as there are no lesser included homicides of felony murder. *Fleener v. State* (1980), 274 Ind. 473, 478, 412 N.E.2d 778, 782, *reh. denied; Rodriguez v. State* (1979), 270 Ind. 613, 617, 388 N.E.2d 493, 496. Therefore, the tendered instruction and jury form were properly refused.

## II.

Smith next contends the application of aggravating factors to his sentence for robbery is manifestly unreasonable in light of the court's finding that the mitigating circumstances outweighed the aggravating circumstances in the felony murder sentence. He contends since both convictions resulted from the same sequence of events, the mitigating factors should apply to both sentences.

On Smith's conviction for felony murder, he received the minimum sentence allowable, a term of 30 years. On his conviction for robbery, he received an aggravated sentence of 35 years. The probation officer recommended the minimum sentence for each crime, finding the mitigating circumstances outweighed the aggravating circumstances. At the sentencing hearing, the Prosecutor also stated he would find mitigating circumstances, but would not mitigate to the absolute minimum.

It is within the trial court's discretion to decide whether or not the basic sentence for a crime should be increased or decreased according to aggravating or mitigating circumstances. *Bixler v. State* (1984), Ind., 471 N.E.2d 1093, 1104–05, *cert. denied*, (1985) —— U.S. ——, 106 S.Ct. 106, 88 L.Ed.2d 86. The trial court decides the weight to be given to aggravating and mitigating circumstances based on all the facts and circumstances surrounding the offense and the offender and the trial judge has the duty to make his findings on the efficacy of the aggravating or mitigating circumstances. *Arthur v. State* (1986), Ind., 499 N.E.2d 746, 748; *Bixler*, 471 N.E.2d at 1105. When a sentence is within the statutory limits, we are not at liberty to set aside or alter the sentence unless the record indicates a manifest abuse of discretion. *Arthur*, 499 N.E.2d at 748; *Bixler*, 471 N.E.2d at 1105; Ind.R.App.Rev.Sen. 2.

Smith committed two separate crimes against two separate victims. Separate sentences were properly imposed for each crime. *Johnson v. State* (1983), Ind., 455 N.E.2d 932, 937, *reh. denied*. The sentences imposed were based on the factual circumstances of the case. The court found that although Smith was murderer in the eyes of the law, he was only 18 years old when the crimes occurred and he did not actually know his accomplice was going to strike and kill Cook. Thus, the mitigating circumstances outweighed the aggravating circumstances on the felony murder charge and the 30 year sentence was reasonable.

Regarding the sentence imposed for the robbery conviction, the court found the aggravating circumstances warranted an increase in the presumptive sentence. Smith knew a crime was occurring and proceeded to assault Holding by hitting him in the face with a rock. A rational sentencing scheme should punish more severely those who brutalize the victims of their crimes. *Fointno v. State* (1986), Ind., 487 N.E.2d 140, 148. The aggravated sentence was thus imposed because Smith actively participated in the battering of Holding after he knew a robbery was in progress. The different outcomes in the court's balancing of mitigating and aggravating factors is because Smith did not personally harm Cook, but voluntarily inflicted serious bodily injury on Holding. The sentencing scheme is reasonable.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.