Terry BROWN, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 89S00–8605–CR–00416.

Supreme Court of Indiana.

Aug. 27, 1987.

Terrance W. Richmond, Milan, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Terry Brown, was charged in the Wayne County Superior Court with the crime of murder. The jury returned a verdict of guilty of voluntary manslaughter but mentally ill. The trial court sentenced Brown to twenty (20) years imprisonment. The court then suspended six (6) years of the term, but ordered Brown to be placed on probation for six (6) years after serving his sentence. In this direct appeal, Brown raises the following issues for our review:

1. error in permitting the State to amend the charging information;

2. error in admitting State's exhibits 2, 31, 35 through 39, and 44;

3. error in refusing three of Brown's tendered final instructions; and

4. error in aggravating Brown's sentence.

The facts supporting the jury's verdict are as follows. On August 20, 1984, Brown was home caring for his five month old daughter, Victoria (the victim). Shortly after 8:30 a.m., the victim woke and began crying. Brown prepared her food but she refused to eat. She continued to cry and Brown attempted to comfort her by walking with her. He became frustrated when she would not stop crying. He stated he squeezed her hard against his body in a bear hug after which she stopped crying for a moment.

The victim resumed crying a short time later. Frustrated and angered, Brown threw the victim on the couch several times. Brown also admitted shaking the victim several times. When she continued crying, Brown squeezed her in a bear hug

again, this time very hard. Brown stated she went limp after this, and was breathing shallowly. He put her in her crib and left the room. When he checked on her several minutes later, she was gasping for breath. Brown called the hospital and was told to bring her in for treatment. Before he could leave, she stopped breathing. Brown called for an ambulance, and thereafter administered C.P.R. until the ambulance arrived.

The victim was taken to Reid Memorial Hospital in Richmond, Indiana. She then was flown to Methodist Hospital in Indianapolis, Indiana. Her condition was critical and she died the next day.

Dr. Dean Hawley performed the autopsy on the victim. He testified the victim died from child abuse syndrome caused by multiple blunt force and shearing injuries to the victim's head, chest, neck, and abdomen.

Brown gave a videotaped statement to police in which he admitted throwing the victim on the couch several times, squeezing her in a bear hug, and shaking her violently. Brown also admitted that this was not the first time he had treated the victim in this manner when she would not stop crying.

## I

■ On August 24, 1984, the State filed its Information charging Brown with murder. The Information alleged that Brown knowingly or intentionally killed the victim by squeezing her with his arms, or throwing her body with such force as to inflict wounds sufficient to cause her death. On July 12, 1985, the State filed its Motion to Amend the Information. The State's amendment added shaking as an additional method of inflicting the fatal wounds upon the victim. A hearing was held on the matter on July 29, 1985. On August 13, 1985, the State was allowed to file its Amended Information. Jury selection for this trial began on August 19, 1985. On appeal, Appellant claims the trial court erred in permitting the State to file the Amended Information.

Indiana Code § 35–34–1–5(a) (Burns 1986) provides:

An indictment or information which charges the commission of an offense may not be dismissed but may be amended on motion by the prosecuting attorney at any time because of any immaterial defect, including:

\*    \*    \*    \*    \*    \*

(5) the use of alternative or disjunctive allegations as to the acts, means, intents, or results charged;

Here, the Information was amended to include an alternative allegation as to the act or means of inflicting the fatal wounds upon the victim. We see this as an immaterial change which did not alter the State's theory in this case. Further, Brown was given notice of the intended amendment and an opportunity to be heard as required by section (d) of Ind.Code § 35–34–1–5. Brown had over a month's notice of the intended amendment. This was ample time in which to prepare. Brown has failed to show us how his substantial rights were prejudiced by any of this, and we accordingly find no error here. *See Buttram v. State* (1978), 269 Ind. 598, 382 N.E.2d 166.

## II

Next Appellant claims the trial court erred in admitting State's Exhibits 2, 44, 31, and 35 through 39, into evidence.

■ State's Exhibit 2 was a property settlement agreement signed by Brown after this crime was committed and while he was confined in the local jail. The State offered the evidence to refute Brown's insanity defense. Exhibits 31, and 35 through 39 were offered by the State for the same reason and contained Brown's employment records. The State concedes, and we agree, that the probative value of all of this evidence is somewhat tenuous. However, we have held that a plea of insanity opens up all the defendant's life for examination. *Lock v. State* (1980), 273 Ind. 315, 322, 403 N.E.2d 1360, 1366. All evidence which has any logical reference to the defendant's sanity is admissible on this issue. *Lock*, at 323, 403 N.E.2d at 1367; *Sceifers v. State* (1978), 267 Ind. 687, 696,

373 N.E.2d 131, 136, *cert. denied* 439 U.S. 873, 99 S.Ct. 209, 58 L.Ed.2d 187. At trial, Brown objected to all of these exhibits on grounds of relevancy. On appeal he argues the exhibits were irrelevant and further claims Exhibit 2, the property settlement agreement, was prejudicial because it informed the jury that Brown's wife had filed for divorce and sought relinquishment of custody of the couple's other child on grounds that he had murdered their daughter. The exhibit indicated Brown was not allowed visitation with the couple's other child. Even where we have found that evidence of this sort is irrelevant and even prejudicial, we find it reversible only if we determine the evidence had a substantial influence on the jury's verdict. *Kelley v. State* (1984), Ind., 470 N.E.2d 1322, 1325; *Miller v. State* (1982), Ind., 436 N.E.2d 1113, 1114; *Rowe v. State* (1968), 250 Ind. 547, 237 N.E.2d 576. Here, the evidence at least gave the jury some insight into Brown's past behavior and was useful to them in determining the issue of insanity. On the other hand, the jury heard the medical testimony as to the cause of the victim's death as well as Brown's confession. The confession corroborated the State's medical evidence. In view of the evidence of Brown's guilt we cannot say the evidence concerning Brown's divorce or his work record substantially influenced the jury's verdict in finding him guilty. Error, if any, was harmless. *Kelley, supra.*

■ State's Exhibit 44 was a transcript of Brown's videotaped confession. The videotape was shown to the jury without objection. Thus, the evidence was merely cumulative of other properly admitted evidence. Brown has failed to show how he was prejudiced by the admission of this evidence. Thus, we find no error resulting from its admission.

### III

Next, Brown argues the trial court erred in refusing three of his tendered final instructions. The court refused to read Brown's instructions on intervening cause, battery, and reckless homicide.

■ Here, the trial court chose to read its own instruction on intervening cause. A trial court's refusal to give a tendered instruction is not error if the substance thereof is covered by other instructions which are given. *Goodwin v. State* (1982), Ind., 439 N.E.2d 595, 599. We have reviewed Brown's tendered instruction, and the instruction the court gave on intervening cause. We find the trial court's was a more complete and accurate statement of the law on this subject. The trial court did not err in choosing its instruction over that tendered by Brown.

■ Brown further argues it was error to refuse his instructions on battery and reckless homicide as lesser included offenses of the crime of murder. To determine whether a trial court erred in refusing to instruct on a lesser included offense, we inquire first whether the language of the statute and the charging document necessarily include the lesser offense in the greater. Second, we determine whether evidence was introduced at trial to support giving the lesser included offense instruction. *Smith v. State* (1987), Ind., 508 N.E.2d 14, 15; *Gordon v. State* (1986), Ind., 499 N.E.2d 228, 230. Here, the evidence did not support giving Brown's tendered instructions.

■ Dr. Hawley performed the autopsy on the victim and his testimony is summarized as follows. In his opinion, the manner of death was homicide, and the cause of death was child abuse syndrome with multiple blunt force and shearing injuries of the chest, head, neck and abdomen. Child abuse syndrome consists of multiple injuries not attributable to accident. A subcategory of child abuse syndrome is shaken baby syndrome which consists of injuries due to violent shaking of the child.

Here, the victim had multiple injuries on the surface of her body. These included bruises on her abdomen, behind her ears, and around her neck. The bruises behind the ears were the result of blows to the head which caused bleeding into the brain. The spinal cord was sheared off at the base of the brain. The bleeding from this resulted in the bruises around the neck. The

heart and lungs were bruised and crushed, resulting in bleeding into the chest cavity. The abdominal injury was a ruptured small intestine which caused acute bacterial peritonitis. The bruise and bleeding to the left side of the head, and the ruptured intestine, were not "fresh" injuries but were several days old. The severed spinal cord was caused by shaking the child in a violent manner. The same shaking movement also caused the internal organs to collide and bruise. The ruptured intestine could have been caused by squeezing or by shaking. The injuries to the brain could have been caused by throwing the child onto a hard surface. Each and every injury was the result of abuse.

Given the severity of the victim's injuries, the nature in which they were inflicted, and the fact that some were several days old, we conclude that the trial court properly refused to give Brown's tendered instructions. The evidence did not support Brown's claim that he touched the victim in a rude, insolent, or angry manner, or in a reckless .manner. The injuries were too extensive to support a mere touching or reckless act on Brown's part. Thus, the instructions on battery and reckless homicide were properly refused. *See Maiden v. State* (1985), Ind., 477 N.E.2d 275, 278.

### IV

Brown's final contention is that his sentence is excessive, and that there was insufficient evidence of aggravating circumstances that would justify enhancing the presumptive sentence for this crime. The presumptive sentence for voluntary manslaughter as a class B felony is ten (10) years, to which ten (10) years may be added for aggravating circumstances. Ind.Code § 35-50-2-5 (Burns 1986). The trial court sentenced Brown to the maximum twenty (20) years, but suspended six (6) of those years, and ordered Brown to be placed on probation for six (6) years instead.

██ It is within the trial court's discretion whether the presumptive sentence for a crime will be increased or decreased because of aggravating or mitigating circumstances. *Hill v. State* (1983), Ind., 445

N.E.2d 994, 996. The record must disclose what factors were considered aggravating or mitigating when the basic sentence is increased or decreased. *Id.* We will not revise or strike down a sentence authorized by statute if the record reveals the trial court's findings of aggravating and mitigating circumstances, and if the sentence is not manifestly unreasonable. *Id.* at 997; Ind.R.App.Rev.Sen. 2.

██ Here, the trial court found the following aggravating factors. This crime was the final occurrence in a series of batterings. The victim was only five months old. She was infirm, having been blind from birth, unable to defend herself, and unable to report these attacks. The victim was Brown's daughter and he breached his duty to protect and care for her. Brown showed little remorse for his acts. The trial court felt, if confronted with another frustrating situation involving a helpless or defenseless victim, Brown would likely repeat his behavior. The court felt society had to be protected from this threat. As a mitigating factor, the trial court found that Brown lacked a criminal record.

We find the trial court made a proper record of both the aggravating and mitigating circumstances in this case. The record supports the trial court's findings. We find Brown's sentence reasonable given the circumstances of this case. There is no error in sentencing.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.