**David Lee ELLIOTT, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–8704–CR–429.**

Supreme Court of Indiana.

Sept. 22, 1988.

Reginald B. Bishop, Roberts & Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Voluntary Manslaughter, a Class B felony, for which he received a sentence of eighteen (18) years, and Carrying a Handgun Without a License, a Class A misdemeanor, for which he received a sentence of one (1) year, his sentences to run concurrently.

The facts are: On the evening of May 27, 1986, appellant met with a group of his friends in the courtyard of his apartment complex in Indianapolis. Carolyn Gilder and Mark Hall were among the group. Gilder testified that as they were talking, appellant walked up and joined them. Hall walked over to appellant, touched him on the shoulder and said, "What's happenin'?" Appellant told Hall to leave him alone, but he continued to tease him despite appellant's requests to be left alone. Hall knocked appellant's hat off of his head, either accidentally or intentionally, and appellant started to leave. Hall told appellant he forgot his hat, and appellant walked over, took his hat from Hall and left. Appellant then went to his girl friend's house and picked up his gun.

Appellant returned, approached Hall and asked him to come with him for a minute. Together they walked around the corner of the building, out of sight of the others. Gilder heard what she thought was the sound of a firecracker. Appellant then returned to the group and told them he had shot Hall. Hall died from a gunshot wound in the chest.

Appellant argues the evidence is insufficient to sustain his conviction. He testified at trial that a scuffle occurred between Hall and himself, and the gun discharged accidentally. He reasons that the State

failed to prove he knowingly or intentionally killed the victim and his conviction should be reversed.

■ On appeal, this Court will not reweigh the evidence nor judge the credibility of the witnesses. *Collins v. State* (1988), Ind., 521 N.E.2d 682. The use of a deadly weapon in a manner likely to cause death or great bodily harm is sufficient to show the requisite intent to kill. *Lee v. State* (1986), Ind., 498 N.E.2d 972. We find the evidence is sufficient to sustain appellant's conviction.

Appellant argues the trial court erred in refusing his tendered instructions and verdict forms. His Tendered Instructions Nos. 4 through 10 defined involuntary manslaughter, battery, and the State's burden of proof. Included were verdict forms which gave the jury the option to find appellant guilty of murder, voluntary manslaughter, involuntary manslaughter, or battery, or to find him not guilty of the same. Appellant believes that involuntary manslaughter and battery are lesser included offenses of voluntary manslaughter, and his instructions should have been given.

■ We first note that appellant has waived this issue due to his failure to comply with Ind.Code § 35–37–2–2(6)(C), which mandates that instructions be accompanied by a cover sheet signed by his attorney or himself. *McCarty v. State* (1986), Ind., 496 N.E.2d 379.

■ The test for determining whether it was error to refuse an instruction of a lesser included offense is: 1) whether the language of the statute and the charging document necessarily included the lesser offense in the greater, and 2) whether evidence was introduced at trial to which the included offense was applicable. *Roland v. State* (1986), Ind., 501 N.E.2d 1034. The evidence must be subject to the interpretation not only that the lesser offense was committed, but also that the greater offense was not. *Gordon v. State* (1986), Ind., 499 N.E.2d 228.

■ We cannot determine from the evidence in appellant's case that the greater offense of voluntary manslaughter was not committed. Therefore, we find no error in the refusal of his tendered instruction or the related verdict forms. *See Swafford v. State* (1981), Ind., 421 N.E.2d 596.

Appellant contends that the trial court failed to make a sufficient consideration of mitigating circumstances during his sentencing.

■ Appellant's sentence was increased by eight (8) years due to aggravating factors. He asserts that his case should be remanded for re-sentencing because the trial court failed to consider as mitigating circumstances the fact that upon his prior battery conviction he was given a suspended sentence and probation, and he expressed remorse for Hall's death.

In sentencing appellant, the trial court stated that his criminal history, specifically a prior felony in 1980, was the aggravating circumstance. No mitigating circumstances were discussed.

Appellant acknowledges that the finding of mitigating factors is not mandatory and rests within the discretion of the trial court. *Wagner v. State* (1985), Ind., 474 N.E.2d 476. However, he cites *Wilkins v. State* (1986), Ind., 500 N.E.2d 747 in which we stated that if significant mitigating circumstances are clearly supported by the record, it would be proper to remand for re-sentencing.

In appellant's case, as in *Wilkins*, the weight and significance of his proposed mitigating circumstances are questionable. We will not adjust a sentence which is authorized by statute unless it is manifestly unreasonable in light of the nature of the offense and the character of the offender. *Menifee v. State* (1987), Ind., 512 N.E.2d 142.

Under these circumstances, we do not find appellant's sentence manifestly unreasonable, and we find no error in the trial court's failure to discuss any mitigating circumstances.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER, J., concurs in result without separate opinion.

DICKSON, J., dissents without separate opinion.