**David L. MOORE, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 12S00–8808–CR–784.

Supreme Court of Indiana.

Feb. 23, 1990.

Richard L. Langston, Frankfort, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Forgery, a Class C felony, for which he received a sentence of five (5) years enhanced by twenty-five (25) years by reason of a finding that he was a habitual offender.

The facts are: On October 20, 1985, appellant cashed a check payable to himself for $400 at Joe's Supermarket in Frankfort, Indiana. The check appeared to have been issued on the First National Bank of Commerce of New Orleans and signed by "Susan L. Gimble."

At the time, appellant represented that he was a resident of Illinois and gave his mother's Frankfort address and used his Illinois drivers license as identification. The following day the supermarket presented the check for payment; however, the bank returned the check marked "bogus check." The supermarket contacted appellant's mother; she denied knowledge of the transaction. Eventually, appellant contacted the supermarket and offered to make arrangements to pay the money back. However, no payment was received, and the matter was referred to the police.

Clinton County Deputy Sheriff Tim Porter transported appellant from Pontiac, Illinois to Frankfort in November of 1987. During the trip, Deputy Porter, who was not familiar with the case, asked appellant why he was being transported to Indiana. Appellant stated that he had been charged in connection with a forgery in Frankfort and stated, "My old lady signed a check and I took it and cashed it."

Appellant claims the trial court erred by failing to grant his motion in limine requesting that the State not be allowed to mention prior convictions during the trial. He contends that prior convictions were admissible only during the habitual offender phase of the trial. During the trial on the forgery count, appellant elected to testify in his own behalf.

During cross-examination, the State questioned appellant concerning the fact that from 1982 to 1987 he had been convicted of theft or forgery on ten occasions. When one chooses to testify, as appellant did in this case, he is subject to cross-examination concerning former convictions for crimes involving dishonesty or false statements. *Denton v. State* (1983), Ind., 455 N.E.2d 905; *Ashton v. Anderson* (1972),

258 Ind. 51, 279 N.E.2d 210; *see also* Ind. Code § 34–1–14–14.

With a full understanding of this situation, appellant chose to testify in his own behalf. He cannot now claim that the court erred in permitting cross-examination concerning his prior convictions. The facts in this case do not fall within the parameters of *Sweet v. State* (1982), Ind., 439 N.E.2d 1144 and *Lawrence v. State* (1972), 259 Ind. 306, 286 N.E.2d 830, which were cited by appellant. Those cases concern situations in which the State improperly brings forward unrelated prior crimes which are not being offered for impeachment purposes.

The trial court did not err in permitting the State to cross-examine appellant concerning his prior convictions.

Appellant contends the trial court erred in refusing his Tendered Instructions Nos. 6, 7, 9, and 10. Each of these instructions related to what appellant claims is a lesser-included offense of the crime of forgery. Instructions 6 and 7 were Instructions 12.-47 and 14.53 copied from *Indiana Pattern Jury Instructions (Criminal)* and are general instructions concerning included offenses without specific reference to any offense.

■ Tendered Instruction 9 purported to instruct the jury that check deception as defined in the statute, Ind.Code § 35–43–5–5, is an included offense within the charge of forgery. However, in the case of *Hazelgrove v. State* (1957), 237 Ind. 350, 145 N.E.2d 13, this Court held that when a check is forged there is in fact no maker or drawer of the instrument and that this fact distinguishes forgery, defined in Ind.Code § 35–43–5–2, from the crime of deception, which is the making or drawing of a check without sufficient funds for its payment.

Although the statute has been amended since *Hazelgrove* was decided, we perceive no elemental change in the crime denoted as check deception. We find that our holding in *Hazelgrove* is consistent with the definitions set out in the present statutes and that it was not error to refuse an instruction stating that deception is an included offense in forgery.

■ Tendered Instruction No. 10 purported to instruct the jury that criminal mischief, defined in Ind.Code § 35–43–1–2, is an included offense in a charge of forgery. The test of determining whether a particular offense is a lesser-included offense is that the lesser offense must be such that it is impossible to commit the greater offense without first having committed the lesser offense. *Cook v. State* (1972), 258 Ind. 667, 284 N.E.2d 81.

Criminal mischief is defined in the statute as:

"(1) recklessly, knowingly, or intentionally damag[ing] property of another person without his consent; or

(2) knowingly or intentionally caus[ing] another to suffer pecuniary loss by deception or by an expression of intention to injure another person or to damage the property or to impair the rights of another person."

In the broadest sense any crime against property could come within this definition.

However, to support the giving of an instruction, the evidence must be subject to an interpretation that the lesser offense was committed while the greater was not. *Gordon v. State* (1986), Ind., 499 N.E.2d 228. In the case at bar, criminal mischief was not charged. Forgery which is specific in its definition was the only charged crime. The evidence presented by the State was subject to only two interpretations by the jury—either that appellant did not commit the crime of forgery at all, or that he in fact did commit the crime of forgery. There is no evidence in this record to support a lesser-included offense. *See Cook, supra* at 672; *see also Ringley v. State* (1979), 182 Ind.App. 424, 395 N.E.2d 339. The trial court did not err in refusing to give appellant's Tendered Instructions Nos. 6, 7, 9, and 10.

Appellant claims the trial court erred when it overruled his motion for judgment on the evidence filed at the close of the State's evidence and again at the close of all of the evidence. Appellant contends the State presented no proof that he knew the

check was false, forged, or counterfeit at the time he presented it to Joe's Supermarket. For the same reason, appellant also alleges that the court erred when it entered judgment of conviction for forgery and sentenced him accordingly.

The record in this case shows that appellant uttered a check which later was returned by the drawee bank marked "bogus check" and that appellant received from Joe's Supermarket $400 in cash upon the presentation of this check. The jury also heard evidence that appellant made the statement, "My old lady signed a check and I took it and cashed it." The jury could accept such a statement as evidence supporting the bank's conclusion that the check was "bogus." This is ample evidence to support the jury's verdict that appellant was guilty of forgery. *See Baird v. State* (1986), Ind., 497 N.E.2d 538 and *Coleman v. State* (1986), Ind., 490 N.E.2d 711.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

PIVARNIK, J., not participating.